Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SUCESIÓN DE JOSEFA MARGARITA MORALES HERNÁNDEZ, JACQUELIUNE MARGUERIUTE GARCÍA MORALES, MARÍA DE LOS ÁNGELES GARCÍA MORALES y Otros<br>**Recurrida**<br><br>V.<br><br>DEBORAH LYNN LIZZA<br>**Peticionaria** | KLCE202400684 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Mayagüez<br><br>Caso Núm: MZ2023CV00776<br><br>Sobre: Aceptación, Renuncia, Remoción o Sustitución de Albacea |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de julio de 2024.

El 20 de junio de 2024, Deborah Lynn Lizza (peticionaria o señora Lizza) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución y Orden* que se emitió el 19 de marzo de 2024 y se notificó el 20 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante el aludido dictamen, el TPI concluyó que la peticionaria quedó relevada de sus funciones como albacea el 22 de enero de 2024 por lo cual se le concedió cuarenta y cinco (45) días para que presentara su informe final. Asimismo, el dictamen apelado ordenó a que las partes se pusieran de acuerdo para designar un administrador de la herencia.

Por los fundamentos que expondremos a continuación, **denegamos** expedir el recurso de epígrafe.

I.

El 15 de mayo de 2023, Josefa Margarita Morales Hernández (señora Morales Hernández) presentó una *Demanda* sobre remoción

Número Identificador

RES2024 _____

de albacea, designación de administrador judicial y partición de herencia.[1] En esta alegó que era la madre del Sr. Roberto Felipe García Morales (el causante), quien había fallecido el 16 de enero de 2023 en el estado de Massachussets. Sostuvo que, al momento del deceso del causante, estaba vigente un Testamento Abierto que este otorgó por medio de la Escritura Pública número setenta y cuatro (74), el 24 de noviembre de 2019, ante el notario José Manuel Pérez Fernández. Indicó que el mencionado testamento constaba inscrito en el Registro de Testamento. Además, expresó que el causante, quien no tenía descendientes, designó como herederas en partes iguales tanto a ella como a la señora Lizza.  En cuanto a esta última, afirmó que el causante la designó como albacea. Sin embargo, indicó que la señora Lizza violó varias disposiciones del Código Civil de Puerto Rico concernientes a las obligaciones del albacea. Por tal motivo, solicitó que el TPI le concediera los siguientes remedios:

A. Ordene la remoción de la señora Deborah Lynn Lizza del cargo de albacea testamentario de la Sucesión de Roberto Felipe García Morales;

B. Nombre un administrador judicial, cónsono con las disposiciones legales pertinentes;

C. Se ordene la partición de la herencia conforme a derecho.[2]

Posteriormente, la representación legal de la señora Morales Hernández, presentó una *Solicitud de Sustitución de Parte*.[3] Mediante esta, informó que la señora Morales Hernández falleció el 1 de agosto de 2023 y le sobrevivieron sus tres (3) hijos: la Sra. Jacqueline Marguerite García Morales, la Sra. María de los Ángeles García Morales y el Sr. Carlos Javier García Morales (en conjunto, los recurridos). A tenor con esta información, solicitaron sustituir a

---

[1] Véase, apéndice de los peticionarios, pág. 1-7.
[2] Íd., págs. 6-7.
[3] Íd., págs. 40-41.

su madre en este pleito. El 5 de octubre de 2023, el TPI declaró Ha Lugar dicha solicitud de sustitución.[4]

Posteriormente, el 13 de diciembre de 2023, la señora Lizza presentó su *Contestación a la Demanda*.[5] En esta alegó que fue compañera consensual del causante por más de treinta (30) años y cuidó de él hasta que falleció. Puntualizó que nunca llegó a ningún acuerdo con los hermanos del causante y que el testamento le confería autoridad a la peticionaria de ejecutar cualquier actuación relacionada a las exequias fúnebres. Asimismo, negó otras alegaciones que estaban presentes en la *Demanda* y levantó sus correspondientes defensas afirmativas.

Tras varios asuntos procesales los cuales son innecesarios detallar, el 24 de enero de 2024, los recurridos presentaron una *Urgente Solicitud de Vista, Orden Proyectora, Remoción de la Albacea y Designación de Administrador Judicial*.[6] Argumentaron, entre otras cosas, que conforme al Art. 1752 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11543, cuando a un ejecutor no se le hubiera fijado un plazo, este debía cumplir su encargo dentro de un (1) año contado desde su aceptación o desde que terminen los litigios que se promuevan sobre la eficacia del testamento o de sus disposiciones. Adujeron que en el testamento del causante, la cláusula décimo quinta leía de la siguiente manera: "[e]s el deseo de "EL TESTADOR" que su compañera de muchos años, DEBORAH LYNN LIZZA, sea la ALBACEA, a quien le confiere todas las facultades en derecho necesarias, con expreso relevo de fianza y sin límite de tiempo…".[7] Argumentaron que la señora Lizza juramentó su aceptación el 23 de enero de 2023 y el TPI expidió una carta

---

[4] Íd., págs. 42.
[5] Íd., pág. 43-55.
[6] Íd., págs. 76-80.
[7] Íd., pág.79.

testamentaria el 3 de febrero de 2023 por lo cual su término como albacea vencía el 23 de enero de 2024 o el 3 de febrero de 2024.

Ante esto, los recurridos informaron en su escrito que no era su intención prorrogarle el plazo de albacea a la peticionaria, por lo cual solicitaron una orden protectora para que la señora Lizza desistiera de disponer de los bienes del caudal hereditario, se diera por concluido su plazo de albaceazgo y se procediera a realizar el nombramiento de un administrador judicial. En respuesta, la peticionaria presentó una *Moción en Cumplimiento de Orden y en Réplica a Solicitud de Ordenes por la Demandante.*[8] En síntesis, adujo que los planteamientos esgrimidos por los recurridos contradecían la última voluntad del causante la cual fue claramente establecida en su testamento.

Atendido los escritos, el 19 de marzo de 2024, el TPI emitió una *Resolución y Orden.*[9] Mediante esta, determinó que, en efecto, el causante no estableció un término para el albaceazgo de la señora Lizza, por lo cual este venció una vez se cumplió el año desde su aceptación, entiéndese, el 22 de enero de 2024, fecha en que quedó relevada de sus funciones. Ante esto, el TPI ordenó a la peticionaria a que emitiera su informe final en un término de cuarenta y cinco (45) días. Del mismo modo, ordenó a las partes a reunirse y auscultaran la posibilidad de escoger en acuerdo un administrador en un término de treinta (30) días y de no hacerlo el TPI entonces lo asignaría.

En desacuerdo, 4 de abril de 2024, la peticionaria presentó una *Moción de Reconsideración de la Resolución y Orden.*[10] En esta reiteró su postura en cuanto a que debía respetarse la última voluntad del causante. Por su parte, el 15 de abril de 2024, los

---

[8] Íd., págs. 136-146.
[9] Íd., págs. 180-183.
[10] Íd., págs. 184-195.

recurridos presentaron una *Oposición a "Moción solicitando Reconsideración de la Resolución y Orden" del 4 de abril de 2024*.[11] Mediante esta, reiteraron que el causante no estableció plazo para el cargo de albacea, por lo cual operaba el término dispuesto por el Código Civil de Puerto Rico y, por ende, la peticionaria cesó sus funciones el 22 de enero de 2024.

El 29 de abril de 2024, la señora Lizza presentó una *Réplica a la Oposición* [...].[12] Expresó que, conforme a la jurisprudencia, en caso de que el testador quisiera extender el término de un (1) año dispuesto por el Código Civil para que el albacea completara la voluntad del testador, en ausencia de un plazo específico para una prórroga, procedía aplicar el término de un (1) año establecido en el Art. 1753 del Código Civil de Puerto Rico de 2020, *supra*. Evaluadas estas mociones, el 20 de mayo de 2024, el TPI emitió una *Resolución* en la cual declaró No Ha Lugar la reconsideración.[13]

Aún inconforme, el 20 de junio de 2024, la peticionaria compareció ante nos mediante el presente recurso, y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al decretar que el plazo de un (1) año fijado a la figura del albacea por el Artículo 1752 del Código Civil de Puerto Rico de 2020 (31 LPRA [sec] 11543) para completar su encargo transcurrió desde su aceptación ya que en el caso no hay un litigio promovido sobre la eficacia del testamento o de sus disposiciones.**

> **Erró el Tribunal de Primera Instancia al decretar que el testador no confirió una extensión de término al plazo de un (1) año fijado a la figura del albacea por el Artículo 1752 del Código Civil de Puerto Rico de 2020 (31 L.P.R.A. [sec] 11543), para cumplir con su encargo.**

> **Erró el Tribunal de Primera Instancia al no considerar la última voluntad del testador como parte de su decisión al extirpar al albacea de su encargo por alegadamente haber transcurrido un (1) año de la aceptación a su cargo.**

---

[11] Íd., págs. 196-199.
[12] Íd., págs. 200-205.
[13] Íd., pág. 207.

Atendido el recurso, el 21 de junio de 2024 emitimos una *Resolución* concediéndole a los recurridos hasta el 1 de julio de 2024 para que presentaran su postura al recurso. Oportunamente, el 28 de junio de 2024, los recurridos presentaron su *Oposición a la Petición de Certiorari* y negaron que el TPI cometiera los errores que la peticionaria le imputo. Con el beneficio de la comparecencia de las partes, procedemos a atender el recurso que está ante nuestra consideración. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de

Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de

derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

### IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones